IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 22, 2008


**STATE OF TENNESSEE v. JESSIE EDWARD WEST**


**Appeal from the Circuit Court for Lincoln County**
**Nos. S0700029 and S0700015    Robert L. Holloway, Jr., Judge, by Interchange**


**No. M2007-02732-CCA-R3-CD - Filed October 6, 2008**


D. KELLY THOMAS, JR., J., dissenting.


I respectfully dissent from the result reached by the majority and do so because of my concerns that the defendant's guilty pleas were entered absent any waiver of the conflicts of interest that are apparent from a review of the record in this case. Although not raised by either party, I conclude that plain error exists with respect to the District Attorney General and Circuit Court Clerk's failure to recuse themselves from these proceedings. I do so pursuant to Rule 13(b)(2) and (3) of the Tennessee Rules of Appellate Procedure which grants this court the discretion to review any issue not presented for review in order "(2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process" and Rule 52(b) of the Tennessee Rules of Criminal Procedure which provides "[w]hen necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of an accused at any time, even though the error was not . . . assigned as error on appeal."

The record reveals that one of the victims in this case was the Circuit Court Clerk of Lincoln County.[1] After the District Public Defender withdrew from representation based upon his professional relationship with the court clerk, the defendant filed motions to recuse the District Attorney General and the trial judge, in addition to a motion for change of venue addressing the court clerk's participation in the case. The original trial judge recused himself from the proceedings in this case due to his professional relationship with the court clerk. Neither the District Attorney General nor the Circuit Court Clerk withdrew from involvement.

I acknowledge that it appears from the record that the defendant waived any issues related

---

[1] The judgment reflects that the clerk is the co-recipient of the restitution, with her husband as the named victim on the indictment.

to these pending motions with the entry of the guilty pleas, by acquiescing in a sentencing hearing prosecuted by the District Attorney General's office, and by failing to raise the issues on appeal. Contemporaneous to the entry of the judgments, the trial judge sitting by interchange entered orders nunc pro tunc to the date of the entry of the guilty pleas denying the motion to recuse and motion for a change of venue. However, the record is notably silent regarding any waivers of the conflicts of interest.

Furthermore, the record also reveals that the court clerk's employee, a deputy clerk, issued an arrest warrant for arson and set the defendant's bond at $50,000, which far exceeds the $10,000 maximum allowed to be set by a court clerk for a felony that does not involve a crime against a person. Tenn. Code Ann. § 40-11-105(b)(2). The same deputy clerk issued a subsequent arrest warrant for vandalism valued at over $60,000 related to the same offense and set an additional bond of $60,000, also exceeding the statutory authority of Tennessee Code Annotated § 40-11-105(b)(2). The defendant was unable to make any bond.

Relevant to the participation of the District Attorney General in this case, our supreme court stated in State v. Culbreath, 30 S.W.3d 309, 315 (Tenn. 2000) that "an actual conflict or an apparent conflict may exist anytime a lawyer cannot exercise his or her independent professional judgment free of 'compromising influences and loyalties.'" Id. (citing State v. Tate, 925 S.W.2d 548, 554 (Tenn. Crim. App. 1995)). As explained by the court in Culbreath:

> Government officials must be held to high ethical standards to make certain their activities are conducted in the public's interest. Furthermore, "governments have a responsibility to the public to avoid even the appearance of impropriety and to act to reduce the opportunities and incentives for unethical behavior by their officials and employees." This is true of the prosecuting attorney because "an appearance of impropriety on the part of a government attorney will inevitably harm not only the individual attorney, but also the entire system of government that allows such improprieties to take place."

Id. at 316 (quoting Roberta K. Flowers, What You See Is What You Get: Applying the Appearance of Impropriety Standard to Prosecutors, 63 Mo. L.Rev. 60, 68 (1998)(citations omitted)). Based upon these considerations, I conclude that the District Attorney General should have recused himself from these proceedings and, in the absence of such recusal, the trial court should have granted the defendant's motion to recuse and sought the appointment of a District Attorney General pro tempore.

I acknowledge that the court clerks of this state are not governed by a code of professional conduct specific to their employment. However, by virtue of her status as a government official of this state, the previously mentioned considerations applicable to the District Attorney General regarding conflicts of interest and appearances of impropriety should apply equally to the Circuit Court Clerk. There is nothing in the record that reveals a justification for the Circuit Court Clerk's participation in the case. Therefore, I conclude that the Circuit Court Clerk should have recused herself from the proceedings in this case and sought the appointment of a clerk pro tempore.

Because I believe the recusals of the District Attorney General and the Circuit Court Clerk were necessary to preserve the integrity of the judicial process, I respectfully dissent in the result reached by the majority and would reverse the convictions in this case.

 

 

_____
D. KELLY THOMAS, JR., JUDGE